# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4877 | **DATE** | 8/2/2012 |
| **CASE TITLE** | Puente vs. Chandler | | |

**DOCKET ENTRY TEXT**

Respondent's motion to alter judgment [107] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On April 5, 2012, this court concluded that petitioner Raul Puente was entitled to relief on his habeas petition because trial counsel rendered constitutionally defective assistance by pursuing a mistaken identification defense at trial. In so doing, the court determined that it did not need to conduct an evidentiary hearing. The respondent has now filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), and seeks an evidentiary hearing on Puente's ineffective assistance claim.

The respondent's first argument is that there was no error under 28 U.S.C. § 2254(d)(2)[1] because the state court's two factual errors were not material to Puente's claim. This is an attempt to re-litigate an issue that has already been decided by the court. In its August 2010 opinion, this court noted that both of these erroneously found facts were relied upon by the Illinois Appellate Court in its *Strickland* analysis. *See U.S. ex rel. Puente v. Chandler*, No. 04 C 4877, 2010 WL 3167201, at *4 (N.D. Ill. Aug. 6, 2010). The court will not revisit that issue here.

Next, the respondent insinuates that after this court found a material § 2254(d)(2) error it went on to find that Puente was automatically entitled to habeas relief. The court did no such thing. In its August 2010 opinion, the court specifically explained that even though the state court had unreasonably determined facts against the clear and convincing weight of the evidence, Puente still had to establish that he was entitled to relief under 28 U.S.C. § 2254(a). In its April 2012 order, the court determined that Puente had established ineffective assistance of counsel and was entitled to relief under § 2254(a). (*See* Order of Apr. 5, 2012.)

The respondent next takes issue with the fact that the court had previously ordered an evidentiary hearing, but ultimately declined to hold one. The court had ordered the hearing in August 2010, but it revisited the decision in light of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), which addressed the availability of an evidentiary hearing for claims brought under § 2254(d)(1). After receiving supplemental briefing on *Pinholster*, this court concluded that no evidentiary hearing was needed because Puente's claim succeeded under § 2254(a) on the record before the state court of review. (*See* Order of Apr. 5, 2012.) The respondent seems to believe that the court's decision not to hold an evidentiary hearing is based upon some misapprehension of *Pinholster*, but that is not the case. *Pinholster* merely stands for the proposition that a petitioner must overcome the hurdle presented by § 2254(d)(1) based on the state-court record before the court will decide whether an evidentiary

**STATEMENT**

hearing is warranted. Puente did overcome that hurdle, albeit in the context of § 2254(d)(2), and therefore he was eligible to receive a hearing if he otherwise satisfied the standards set out in 28 U.S.C. § 2254(e)(2). *See U.S. ex rel. Hooper v. Ryan*, --- F. Supp. 2d ----, 2012 WL 1230724, at *11 (N.D. Ill. Apr. 12, 2012). But as the court pointed out, it had never stated that an evidentiary hearing was necessary for Puente to succeed on his claim,[2] and indeed, when it revisited the petition the court determined that no hearing was needed. The simple truth is that when the respondent believed she would prevail without an evidentiary hearing, she opposed the hearing—in fact, the respondent filed an earlier motion for reconsideration on this very issue. (*See* Mot. to Reconsider, ECF No. 61.) But now that the respondent has learned that she will not prevail—after ignoring in her earlier briefing some of the very issues she now seeks to present[3]—she attempts to reopen the matter.

Finally, the respondent argues that if the hearing is held, she will be able to present evidence that trial counsel was reasonable in his decision to forego the involuntary manslaughter defense, because at a March 2011 deposition (which this court ordered when it was going to permit expansion of the record) Puente's trial counsel testified that Puente had denied to counsel that he was the shooter. The court agrees with Puente that this evidence, which was available since March 2011, is not new or timely, and is contradicted by the record (including by deposition testimony provided by Puente's original trial counsel). More importantly, this evidence is not a part of the state-court record upon which this court rested its decision. The court's conclusion that Puente has established that he is entitled to habeas relief remains unchanged, and the respondent's motion is denied in its entirety.

---

[1] The respondent references § 2254(d)(1) instead of § 2254(d)(2), but as this court determined that the state court of review made an "unreasonable determination of the facts in light of the evidence presented," § 2254(d)(2), the court presumes this is a typographical error.

[2] The respondent walks a fine line in characterizing this court's earlier orders, making it appear as though the court stated in no uncertain terms that it required an evidentiary hearing to make a decision on Puente's petition. (*See, e.g.*, Mot. to Alter or Amend at 5 ("No new evidence has been provided to this Court since it stated that it needed additional facts to determine whether petitioner's allegations were true."); Reply to Pet'r Resp. at 2 ("[T]his Court had stated that it needed to hear trial counsel's reasons for selecting the misidentification defense that ultimately proved unsuccessful at trial.").)

[3] For instance, as the court has already pointed out, the respondent failed to address Puente's allegation that the Illinois Appellate Court made factual errors. *See Puente*, 2010 WL 3167201, at *3 ("[P]etitioner also argues that the Illinois Appellate Court violated 28 U.S.C. § 2254(d)(2) when it made two significant factual errors. Surprisingly, respondent fails to make any argument on this issue, or even acknowledge Puente's allegations of factual errors made by the state appellate court.").